UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DANIEL A. ROMANICK,

                              Plaintiff,                      Case # 13-CV-6006-FPG

v.                                                                     DECISION AND ORDER

CORNING, INC.,
DARLENE MARINO, and
STEEL WORKERS UNION LOCAL 1000,

                              Defendants.
_____

## INTRODUCTION

*Pro se* Plaintiff Daniel A. Romanick commenced this lawsuit against his former employer, Corning, Inc. ("Corning"), Corning human resources employee Darlene Marino ("Marino"), and his former union, Steel Workers Union Local 1000[1] ("Local 1000"). ECF No. 1. Plaintiff's Complaint, while difficult to parse, appears to center around his request for time off in December 2009 and his subsequent termination from employment at Corning, and further alleges that Local 1000 breached its duty of fair representation by failing to take his dispute over the time off request and his termination to arbitration. *Id.* All Defendants have moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted. ECF Nos. 9, 10. For the following reasons, the Defendants' motions (ECF Nos. 9, 10) are granted, and this action is dismissed with prejudice.

## DISCUSSION

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007), and "draw all reasonable inferences in Plaintiff's favor." *Faber v. Metro.*

---

[1]     Local 1000's correct name is "United Steel Workers, Local 1000."

*Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint is plausible when a plaintiff pleads sufficient facts that allow the Court to draw reasonable inferences that the defendant is liable for the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level," and the stated grounds for relief must consist of more than "labels and conclusions." *Twombly*, 550 U.S. at 555. Although the statute of limitations is an affirmative defense on which a defendant bears the burden of proof, courts may nonetheless dismiss a case on statute of limitations grounds if a complaint, on its face, "clearly shows the claim is out of time." *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999).

Since the Plaintiff is proceeding *pro se,* his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Accordingly, the Court interprets Plaintiff's pleadings "to raise the strongest arguments that they suggest." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009).

To the extent that Plaintiff attempts to assert claims under Title VII or under the Americans with Disabilities Act ("ADA") against Corning[2], these claims fail for two separate reasons. First, the Complaint does not allege that Plaintiff is a member of any protected class or otherwise has a disability that is covered by these statutes. *See Gasparik v. Stony Brook Univ.*, 296 F. App'x. 151, 152-53 (2d Cir. 2008) ("Even if we were to read plaintiff's pro se pleadings as an effort to establish a claim for employment discrimination under Title VII of the Civil Rights Act, dismissal would be appropriate, as plaintiff failed to allege that he is a member of a class protected by the Act."); *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Sci.*, 804 F.3d

---

[2] ADA and Title VII claims do not provide for individual liability, so these claims cannot be brought against Marino.

2

178, 187 (2d Cir. 2015) ("To establish a *prima facie* violation under [the ADA], a plaintiff must demonstrate (1) that she is a qualified individual with a disability; (2) that the defendants are subject to one of the Acts; and (3) that she was denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or was otherwise discriminated against by defendants, by reason of her disability.") (internal quotation marks and citation omitted). Although Plaintiff does not need to meet his *prima facie* burden at the pleading stage, he must still allege facts that suggest an inference of discriminatory motivation. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015). Since the Plaintiff has not alleged that he belongs to any protected class or suffers from any disability, he has failed to meet even this minimal burden.

The failure to allege that he is a member of a protected class or otherwise suffers from a disability is fatal to Plaintiff's Title VII and ADA claims. But even putting those failures aside, before Plaintiff could initiate a federal employment discrimination suit, he was required to first exhaust his claim in accordance with the regulations of the Equal Employment Opportunity Commission ("EEOC"). *Briones v. Runyon,* 101 F.3d 287, 289 (2d Cir. 1996). Section 12117(a) of the ADA makes the procedural requirements of Title VII, as set out in 42 U.S.C. § 2000e-5, applicable to claims under the ADA. 42 U.S.C. § 12117(a). *See Blackett v. Pathmark Stores, Inc.*, No. 01 CIV. 6913 (DLC), 2002 WL 31385817, at *3 (S.D.N.Y. Oct. 21, 2002).

Under Title VII and the ADA, a litigant must first receive a right to sue letter from the EEOC, and a plaintiff must then file their action in federal court within 90 days of receiving the EEOC's right to sue letter. *Johnson v. St. Barnabas Nursing Home*, 568 F. Supp. 2d 399, 400 (S.D.N.Y. 2008) *aff'd*, 368 F. App'x 246 (2d Cir. 2010).

In this case, Plaintiff did not file an administrative claim with the EEOC, so he never received a right to sue letter. Although the Plaintiff checked the box on the form Complaint to

indicate that he received a right to sue letter and further indicated that the letter was dated September 6, 2011, the letter he attached (which is dated September 6, 2011) is from the United States Department of Labor ("DOL"), and not from the EEOC. The letter from the DOL is not a substitute for a right to sue letter from the EEOC, and even if it were, Plaintiff's Complaint was still filed some 15 months after he received the DOL letter, which is outside of the 90 day limitation. Since Plaintiff's ADA and Title VII claims fail to state a claim, and because Plaintiff failed to exhaust his administrative remedies prior to filing his federal lawsuit, these claims must be dismissed.

Plaintiff also appears to allege claims under the Family Medical Leave Act ("FMLA") against Corning and Marino[3]. However, the statute of limitations that generally applies to claims under the FMLA is two years. *See* 29 U.S.C. § 2617(c)(1). Here, Plaintiff was terminated from employment with Corning on January 8, 2010, and filed his Complaint with this Court on January 4, 2013 – almost a year too late. In responding to the Defendants' motions to dismiss, Plaintiff concedes this fact, stating "Yes, I see as the Defendants pointed out that time has expired on my many claims (FMLA, Union Arbitration, etc.)." ECF No. 15, at 1. Since the parties agree that the applicable statute of limitations on Plaintiff's FMLA claims expired prior to commencing this action, those claims must also be dismissed.

Finally, Plaintiff alleges that Local 1000 breached its duty of fair representation to Plaintiff by not pursuing his claims through arbitration. Plaintiff admits that Local 1000 notified him that it would not arbitrate his grievance in September of 2010. ECF No. 1, at 13. The applicable statute of limitations on duty of fair representation claims is six months, and the time period begins running no later than when the Plaintiff "knew or reasonably should have known that such a breach [of the duty of fair representation] had occurred." *Cohen v. Flushing Hosp. &*

---

[3] FMLA claims are not actionable against Local 1000, since the union was not Plaintiff's employer as that term is defined by 29 U.S.C. § 2611(4).

*Med. Ctr.*, 68 F.3d 64, 67 (2d Cir. 1995). Here, the Plaintiff's claim accrued in September of 2010 when he was informed that the union would not arbitrate his grievance, but his Complaint was not filed with this Court until January 4, 2013. As previously mentioned, Plaintiff has conceded that these claims were untimely, *see* ECF No. 15, at 1, and because the claim is indeed untimely, it must also be dismissed.

## CONCLUSION

Because the Plaintiff's Complaint fails to state a claim upon which relief could be granted, Defendants' motions to dismiss the Complaint (ECF Nos. 9, 10) are GRANTED, and this case is dismissed with prejudice. The Clerk of the Court is directed to enter judgment and to close this case.

IT IS SO ORDERED.

Dated: March 31, 2016
       Rochester, New York

                                          HON. FRANK P. GERACI, JR.
                                          Chief Judge
                                          United States District Court